M/D-2

2:05CV898-F

## FORM FOR USE IN APPLICATIONS

### FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

Joe H. Bandy, Jr. A.I.S. 186633

2005 SEP 21  A 10: 26

**Name**

186633 — "Pardee"

**Prison Number**

714 Donald Ave.

Opelika, Ala, 36801

**Place of Confinement**

United States District Court  Middle  District of  Alabama

Case No. _____

(To be supplied by Clerk of U. S. District Court)

Joe Henry Bandy, Jr. , PETITIONER

(Full name) (Include name under which you were convicted)

Bob Riley, Governor For Alabama , RESPONDENT

(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF  Alabama, their Agents

and Employees , ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be
served in the <u>future</u>, petitioner must fill in the name of the state where the
judgment was entered. If petitioner has a sentence to be served in the <u>future</u>
under a federal judgment which he wishes to attack, he should file a motion
under 28 U.S.C. §2255, in the federal court which entered the judgment.)

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
### STATE CUSTODY

#### INSTRUCTIONS--READ CAREFULLY

(1) **This petition must be legibly handwritten or typewritten and signed by the
petitioner under penalty of perjury. Any false statement of a material
fact may serve as the basis for prosecution and conviction for perjury.
All questions must be answered concisely in the proper space on the form.**

**The Judicial Conference of the United States has adopted, effective 1/1/83,
the 8-½ x 11 inch paper size standard for use throughout the federal
judiciary and directed the elimination of the use of legal size paper. All
pleadings, etc. filed after 12/31/82 must be on 8-½ x 11 inch paper, otherwise
we cannot accept them.**

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, <u>the original and two copies</u> *must be mailed to the Clerk of the United States District Court whose address is
<u>                P. O. Box 711, Montgomery, Alabama  36101                </u>
<u>                                                                        </u>.

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack _Circuit Court Lee County, Opelika, Alabama_

2. Date of judgment of conviction _2-15-96_

3. Length of sentence _18 years_    Sentencing Judge _James T. Gullage_

4. Nature of offense or offenses for which you were convicted: _Unlawful distribution of controlled substances - sec 13A-12-211, Ala. Code 1975_

5. What was your plea? (check one)
   (a) Not guilty  (X)
   (b) Guilty      ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____
   _____
   _____
   _____

6. Kind of trial: (Check one)
   (a) Jury ( ✓ )
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No ( ✓ )

8. Did you appeal from the judgment of conviction? Yes ( ✓ ) No ( )

9. If you did appeal, answer the following:
   (a) Name of court  Court of Criminal Appeals
   (b) Result  affirmed
   (c) Date of result  9-27-96
   If you filed a second appeal or filed a petition for certiorari in the
   Supreme Court, give details:  Rehearing over Ruled, Final Judgment
   affirmed

10. Other than a direct appeal from the judgment of conviction and sentence, have
    you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal? Yes ( ✓ ) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court  Circuit Court Lee County, Opelika, Alabama
       (2) Nature of proceeding  Pre-Trial Habeas Corpus, Filed on
    December 20, 1995, before Trial 2-15-96.
       (3) Grounds raised
        That arrest, warrant, and police report or
    agent Detective Ronald Kirk's report does Not
    correspond, or warrant probable cause, inter alia.

       (4) Did you receive an evidentiary hearing on your petition, application
           or motion? Yes ( ) No. ( ✓ )
       (5) Result  denial, delayed, suspended, or overlooked
       (6) Date of result  Completely dormant
    (b) As to any second petition, application or motion give the same infor-
        mation:
       (1) Name of court  N/A
       (2) Nature of proceeding
       (3) Grounds raised

       (4) Did you receive an evidentiary hearing on your petition, application
           or motion? Yes ( ) No ( )
       (5) Result
       (6) Date of result  N/A

(c) As to any third petition, application or motion, give the same information:
  (1) Name of Court _____ N/A _____
  (2) Nature of proceeding _____
  _____
  (3) Grounds raised_____
  _____
  _____
  _____
  _____
  _____

  (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
  (5) Result_____ N/A _____
  (6) Date of result_____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
  (1) First petition, etc.        Yes ( ) No ( )
  (2) Second petition, etc.       Yes ( ) No ( )
  (3) Third petition, etc.        Yes ( ) No ( )
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____
_____
_____
_____
_____
_____
_____

12. State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.

  CAUTION:  In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief.  If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them.  However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose.  Do not check any of the grounds listed below.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: aNNexed hereto, iN full.

Supporting FACTS (tell your story briefly without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

B. Ground two: _____

Supporting FACTS (tell your story briefly without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

C.  Ground three:_____

    Supporting FACTS (tell your story <u>briefly</u>without citing cases or
    law): _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

D.  Ground four: _____

    Supporting FACTS (tell your story <u>briefly</u> without citing cases of
    law): _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

13. If any of the grounds listed in 12A, B, C, and D were not previously pre-
    sented in any other court, state or federal state <u>briefly</u> what grounds were
    not so presented, and give your reasons for not presenting them: <u>PRe-TRial</u>
    <u>habeas petitioN was discoveRed afteR the Fact oF limitaTioNs</u>
    _____
    _____
    _____
    _____
    _____
    _____
    _____

14. Do you have any petition or appeal now pending in any court, either state
    or federal, as to the judgment under attack?  Yes ( )  No (✓)

15. Give the name and address, if known, of each attorney who represented you in
    the following stages of the judgment attacked herein:
    (a) At preliminary hearing_____<u>NoNe</u>_____
    (b) At arraignment and plea_____<u>NoNe</u>_____

(c) At trial _Wesley Schuessler, 1625 E. University Drive_
_Suite 111, Auburn, Ala. 36830_

(d) At sentencing _same_

(e) On appeal _Russell C. Balch, P.O. Drawer 3738, Auburn, Ala._
_36831_

(f) In any post-conviction proceeding _Pro se_

(g) On appeal from any adverse ruling in a post-conviction proceeding:
_Pro se_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( ) No (✓)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( ) No (✓)
(a) If so, give name and location of court which imposed sentence to be served in the future:_____

(b) And give date and length of sentence to be served in the future:_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes (✓) No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _August 1, 2005_ .
                                                              (date)

_____
Signature of Petitioner

Appendix To Form

GROUND ONE: Conviction obtained by the unfair suspension or concealment of the Pre-trial petition for "Habeas Corpus", dated/filed 12-20-95.

Supporting Facts:

1). Honorable Troy King, Attorney General for the State of Alabama, Honorable Bob Riley, Governor for the State of Alabama, The Legistative Body of the State of Alabama and their Agents, specifically, Honorable Nick Abbett, District Attorney for the 37th Judicial Circuit, Lee County, Opelika, Alabama and Employees, have knowingly allowed the Statutes of law, Code of Alabama, 1975, Sections, 15-21-1 thru 15-21-34 To violate well established law "The Suspension Clause," in violation of the 14th Amendment under the Due Process and Equal Protection Clauses, specifically, Article One, section 17, Alabama Constitution and Article One, Section 9, United States Constitution.

2). Petitioner, Joe H. Bandy, Jr., has been singled out by the "unconstitutional" statute in violation of the Equal Protection Clause of the 14th Amendment. Petitioner also Contends that section 15-21-1 thru 15-21-34 is vague, in

violation of the Due Protection Clause of the 14th Amendment.

2). Petitioner, Joe H. Bandy, Jr., has been singled out by the unconstitutional statute in violation of the Suspension Clause's, Article One, section 17, Alabama Constitution and Article One, section 9, United States Constitution.

3). On December 20, 1995, Joe H. Bandy, Jr., filed a "habeas corpus" petition in Lee County Circuit Court before the trial, in which the State trial Court proceeded to try and did, in fact, convict him pending review, on February 15, 1996.

Argument

The State made an end-run around the jurisdictional mandate of the "Pre-trial)" habeas corpus, unconstitutionally denying the petitioner an investigation into (the cause of his detention simply by overlooking the rules of law.

4). What is at issue here is, whether the "Pre-trial habeas corpus" petition be treated as a Rule 32 petition. Or does this Court retain jurisdiction, filed by petitioner in a state Court before the trial.

5.) The courts below and others has incorrect-ly categorized habeas corpus as a Rule 32 petition, misconstrued nature of substantive claim(s), and applied incorrect legal stand-ard, i.e., that, The "Pre-Trial" habeas corpus is successive, inter alia.

6.) Petitioner filed several motions, moving the Court(s) to "Redress pre-trial habeas corpus" petition. A copy thereof is annexed hereto, marked Exhibit(s) "G-1 of 19," and marked exh. "A thru G" and "1 thru 8," and made a part of this petition as though set forth herein in full.

7.) The trial court denied, dismissed or other-wise precluded each and every petition filed in the case, and without sufficiently explanatory decisions. Rule 32 procedure was used to undermine the "Great Writ,"in violation of the Suspension Clause. (G-1-19).

8.) Petitioner was or is denied his right to demand an investigation into the cause of his detention. accordingly, Bandy was denied a fair trial, in violation of the 14th Amend-ment. Bandy urge this Honorable Court, re visit the entire record to determine whether it produced a fair adjudication on the merits.

4.

9.) Petitioner launched a single campaign, that skirmishes were spread across several years, many courts, forums, etc., even through the 11th Circuit Court of Appeals. The Courts ruled the habeas petition was successive, precluded by the limitation period, inter alia. However, Bandy believe that under due form of law, limitation does not control, due process, and habeas corpus filed before a trial in state court. Bandy had the right to, thus, deny jurisdiction of the trial court as he may deny his guilt.

10.) It gives concern, that none of the state papers, or exhibits, corresponded with the material allegation of the 'police report' or the Agents testimony at trial, that, Det. Ronald Kirk hired and paid Joe Bandy five (5) dollars, to make the "purchase" of "crack" cocaine 'FOR' him (Kirk). see, exhibit(s) 1, 6, 7, and 8. "Statement of Exhibits"

a) On December 20, 1995 Petition submitted

thus, undermining the habeas corpus Rules and procedures, distortingly prejudicing the entire trial proceedings, in violation of the 14th Amendment.

b.) The State has created a situation where events before, during, and after trial in this case, have caused petitioner's Rights to become an 'empty shell' offer no hope of relief under Alabama laws and statutes of record, (See exhibits "A thru G", and 1 thru 8):
   An Investigation Warranted of Record:
11.) State tends to distort Truth, facts, exhibits, law, statutes, inter alia. Bandy rely solely upon the Exhibits annexed hereto, and made a part of this petition as though set-forth herein in full, and Bandy point to the exhibits, herein set forth, as proof that, Court below denied him due process intentionally, and quote and argue the ex- hibits herein set-forth: To-wit:

1.) Exhibit(s) "A": filed and fixed, December 20, 1995, before trial; 2-15-96:

2.) Exhibit "B": The State incorrecly submitt- ed Motion to Dismiss on same date instead of Habeas corpus petition, creating a proce- dural morass or Judicial maze.

3.) Exhibit "C"; Response To Order of The Federal Court, dated September 12, 1997, that, revealed / discovered the Pre-trial habeas corpus as of record.

4.) Exhibit "D"; Order, ordering trial court record, etc., dated September 12, 1997.

5.) Exhibit "E"; Memorandum, affirming "Appeal in Habeas" or "Pre-Trial" habeas corpus for an incorrect reason — State court has no jurisdiction over habeas corpus filed before trial, this court retain jurisdiction under due form of Law.

6.) Exhibit "F"; Equal Protection Flaws, that mirror this instant case.

7.) Exhibit "G-1 thru 19"; Order(s) of the trial court, incomplete, all denied.

8.) Exhibit's "1 thru 8"; As filed / submitted to the State court for review, and notice: To-wit;
No.1.). Habeas Corpus; filed before trial, completely dormant since filing.

No.2.) Page 3 of "Pre-sentence investigation";

Parole Officer's Report: to-wit, in pertinent part:

a). On 3-30-95, Det. McDonough delivered the cocaine evidence in this case to the Department of Forensic Sciences for drug analysis.

   Such action by police in this case, was five months in advance of the alleged offense, 8-22-95.

b). On 10-20-95, Cpt. John Toney signed the warrants in this case for unlawful distribution of controlled substances against Joe Bandy and "Leonard Davis". Leonard Davis case is pending in Trial Court, in a prosecution for complicity, but, Bandy was tried and convicted as the sole participant in a drug sale or purchase.

No. 3). Police Report: Det. Agent Ronald Kirk testified the he hired and paid Joe Bandy five (5) dollars for making the drug purchase "for" him (Kirk).

No. 4.) Affidavit Charging Crime or Arrest Warrant signed by Cpt. John Toney without personal knowledge or other information relating to 'probable cause'. (Compare Exh. #3, 4 and 5). The distorting effects of the

arrest warrant, indictment, ect. leading to the proof at trial -(i.e. "Police Report" and Det. Kirk's testimony), incomplete in some respects, but contains enough to subject the actions of the State and others to the gravest interpretations. These circumstances could easily suggest, or convey, that the entire chain of arrest, trial, appellate proceedings leading to the final decision is subject to scrutiny to determine whether it produced a full and fair trial - fair adjudication on the merits and a sufficiently explanatory decision.

What is at issue here is, there is absolutely no indication of record, that, Joe Bandy is guilty under Sec. 13A-12-211, Ala. Code. 1975, which prompted the 'pretrial habeas corpus.' It appear upon the face of the proceedings, that, Cpt. John Toney used code of Alabama, section 13A-12-211 to his own personal prejudice and predilections, and has made an vindictive end-run around the 'police report' or first hand knowledge of Det. Kirk, thus, the record does not correspond with the proof, in violation of the 14th Amendment.    There is nothing of record that can discredit petitioners contentions. This case under law, is null and void.

No. 5.) Indictment: The indictment charged that Joe Henry Bandy, alias Joe Bandy, did on or about, to-wit: August 22, 1995, unlaw-fully sell, furnish, give away, manufacture, deliver, or distribute a controlled substance, to-wit: Cocaine, to Ronald Kirk.

The record show that Ronald Kirk, State's only witness, disagrees with the dictates of the indictment. Kirk testified verbatim as set forth in the police report, to-wit: After some discussion, Joe Bandy stated he did not have any thing to sell, but offered to walk down the street and "Purchase" a quantity of "Crack" cocaine 'for' Officer Kirk. Officer Kirk gave Joe Bandy twenty dollars in U.S. currency to make the Purchase with. See, R-53, 54, and R-65 (Kirk gave Bandy five (5) dollars for going to make the purchase for him. — Kirk). Proof of Kirk's testimony don't corre-spond.

The State Court and other's has lost its way in a procedural maze, or Jurisdictional "log-Jam" of its own creation and that it has gross-ly misevaluated the requirements of law and Justice, and remains silent on an "Pretrial habeas issue, based on the herein-above exhibits of record, and other information,

in that there are factual disputes and allegations regarding matters which fall outside the scope of the record.

No. 6.) Brief and Argument of Appellant, by appointed appellate counsel Russell Balch, Attorney at Law, page 2, June 3, 1998, also see and compare: (95-1218) app. No. No. 7, and 8) Brief and Argument of the Attorney General, in which both appellate counsel argue or contend in their Briefs Statement of Facts "That, Joe Bandy merely purchased cocaine for Officer Kirk, and Kirk paid Bandy for making the purchase for him.

   Petitioner contend that he has extensively chronicled and summerized alleged instances of said practices (intentional denial of due process and equal protection of the Law), that could, in essence, only have been performed by a group acting in concert to evade a federal question, ie, the suspension of the Pre-Trial habeas corpus in question. It gives concern, discovery was ordered on 1-10-96.
   Wherefore, petitioner respectfully requests this Honorable Court to retain Jurisdiction in the case, that this matter be set for an

evidentiary hearing, or New Trial as mandated. Petitioner demand this Honorable Court to order extensive investigation, of which, your petitioner was entitled, even before trial.

Petitioner further request that this Court will stay all restitution, fees, governmental demands for such funds, pending the outcome of this case. Petitioner fixed income; Social Security and Supplemental security income, does not cover the rent or utilities; see Exhibit "X" and "Y." And, the Petitioner pray for whatever other unspecified Relief which this Court deem is righteously due to this petitioner in equity of the law of this State and the United States of America.

Respectfully Submitted, /s/ Joe H. Bandy

Joe H. Bandy, Jr

Sworn to and subscribed before me this 15th day of September, 2005

Notary Public

11-20-07