In The District Court of Lee County, and The Court of Criminal Appeals of Alabama, and/or United States District Court et.al.

Joe H. Bandy Jr., Pro Se Plaintiff

Vs.

The State of Alabama

FILED DEC 20 1995 IN OFFICE CORINNE T. HURST CIRCUIT CLERK(S)

Habeas Corpus

Motion to Dismiss and Motion to Amend, under Extraordinary Circumstances (Slavery in guise of Law and Order -- War on Crime)

To: Honorable Corinne T. Hurst, Clerk, Circuit Court Lee County, The Clerk of the Court of Criminal Appeals of Alabama, and The United States District Court (Clerk's Office) Washington D.C.

Comes Now, Plaintiff, Joe H. Bandy Jr. (defendant UC 9500420-) who is a black man, stands charged with three (3) de- Violations, in warrants recently received as exhibits show).

① Plaintiff has been declared an indigent and is currently representing himself. He is a layman in law, non-versed in the sciences of Law, is denied reasonable access to the courts as more fully appears.

② The validity of the arrest, the warra affidavits, and the case action summery is a Fa

and a mockery of law and order, coupled with Fa~~ nstitutes slavery and/or involuntary servitude under color of law.

(3) On or about October 20th 1995 3:30 PM, Plaintiff and thirteen (13) co-defendants were arrested (see Opelika-Auburn News, Sunday 10-22-9~ and charged with "Selling drugs" (unlawful distribution of a controlled substance, to wit: cocaine base (crack cocaine), to Det. Ronald Kirk (8-22-95, 95 V 139, DC 4210 Det. Steve McCoy (8-23-95, 95 V 144, DC 4211), and Det. Steve McCoy (9-5-95, 95 V 161, DC 4212) who at that time was working as an agent of the Opelika Police Department, in violation of 13A-12-211 of the Code of Alabama." (see Exh #1 + 4)

(4) "Probable Cause": On 8-22-9~ Det. Ronald Kirk -- (Det. Steve McCoy, 8-23-95) - (Det. Steve McCoy 9-5-95) was working in an undercover capacity for the Opelika Police Department and purchased a quantity of Crack Cocaine F~ him. This sale of cocaine took place on Smith Court in Opelika, Alabama and is within three miles of a public school. (see Exh #1 + 4)

Said charge(s) preferred by Capt. John Tony.

Said warrant(s) issued by an "unknown" Clerk of Court, believed to be on Mae V. Fear, on October 20th 1995. (all warrant affidavits and summarys worded the same).

5. Plaintiff now assert his constitutional Rights this time, Said violations of Rights is being done wilfully, knowingly, deliberately planned, sta[ged] and executed by certain public officials to i[n]timidate, coerce, impose fear, threats, and manufacture informants.

6. "Unlawful Distribution of Controlled substance": When one sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance.

(a). The slavish deceptive me[thod] of Rendering this law is unconstitutional and is the direct route to slavery in guise of and under color of law.

(b) Plaintiff states for the Record, — — Is buying crack cocaine f[or] the police to use (get high, — — smoke, — fi[x] up, — get-down, and/or do-in) a crime under or in gist thereof?!!!

7. The Questions Now confronting the Court, is, to wit:

(a). Why don't time, — — place, — — Quality, — — or Quant[ity] matter in a Court of law?

(b). How did th[e] officials, — — police — — detectives and/or infor[-] mants get to know Plaintiff/defendant an[d] Joe Henry Bandy Junior and/or meet him

(c). How much drugs (Crack cocaine) did they (Dets, informants and/or Police) buy?

(d). Where is the money?

(e). Who bought the so-called cocaine?

(f). How many Times did they buy?

(g). Where was the detectives, imformants, and/or police between said dates 8-22-95, -- 8-23-15, and/or 9-5-95?

(h). Did they Just drive-up, walk up and/or pick-up and buy said drugs?

(i). Is there other drugs?

(j). Were there Really drugs?

(k). Did "they" use drugs or Just buy drugs?

(8). That, on October 20th 1995 plaintiff and (13) thirteen other persons was arrested for the same offense, -- on or near the same streets, -- on or about the same Times -- (on different dates)" -- (10-22-95, 10-23-95, 10-20-95, 1-8-95 etc.) However, all of said warrant's, affidavits and Summary's are worded "Exactly" the same except, names and dates, (see paragraph 3 and 4 above) (see #1 + 4

(9). There is (27) twenty seven or more warrants, affidavits and summarys, worded exactly The same?!!

(10). "Same": Identical, equal, equivalent. The word "same" however, does not always mean identical. It frequently means of the kind, or species, not the specific thing(s). When preceded by the definite article, means the one just referred to (Two offenses are "the same" under the double Jeopardy clause of the Federal Constitution unless each requires proof of an additional fact that the other does not. Ex parte Joseph, Tex. Cr. App., 558 S.W. 2d 891, 893.

(11). "Same Evidence Test": "The same evidence test" used in determining issues of double jeopardy is whether facts alleged in second indictment if given in evidence would have sustained a conviction under the first indictment or whether the same evidence would support a conviction in each case. State vs. Ballard, 280 NC. 479, 186 S.E. 2d 372, 375.

(12). Plaintiff is denied Initial Appearance as required by law, more than 240 hours have transpired from arrest to initial appearance (10-20-95 thru 10-30-95).

(13). The Plaintiff and class were rounded-up like cattle, kidnapped, headed off subjected to slavery and/or involuntary servitude without warrant(s), due process and/or equal protection of the law.

(14). Can this Court believe, that, a white detective (citizen, policemen) and/or black stronge (police and/or detective) went to any drug area and purchased crack cocaine?

(15). There is absolutely no black detectives or investigator at the Opelika Police Department. All white detectives -- 97% black arrest, plea-bargains, -- and convictions (Population in Jails and Prisons) -- No warrants issued, -- initial appearance denied -- bound over on hearsay, -- no reasonable access to the courts, all together constitutes slavery in guise of law -- War on Crime -- War on drugs etc..

(16). Plaintiff arrested on 10-10-95 received copies of warrant(s) and affidavits and summary on or about 12-8-95 from the Circuit Clerk.

(17). On November 17th 1995 Plaintiff were bound over to Lee County Grand Jury without the confrontation of my accusers.

(18). "Reliable Informant." Det. Brian McDonough, O.P.D. states witness, white male, stated that, he and a Reliable informant observed Plaintiff selling a unknown amount of crack cocaine, once at nite, once in the day and once unknown. However, Det. McDonough state

under oath, that he relied upon information received from Det. McCoy, Det. Kirk and the reliable informant.

(a). "Note": Where informant witnesses a crime and can testify to guilt or innocence of the accused. McCray v. Illinois, 368 U.S. 300 (1967), Roviaro v. U.S. 353 U.S. 53 (1957) McCray v. State, 360 So. 2d 1060 (1978), U.S. v. Kiser, 716 F. 2d 1268 (9th Cir. 1983), U.S. V. Southard 700 F. 2d (1st Cir. 1983).

(b). Where the validity of a warrant is challenged, the court must consider whether misstatements in affidavit(s) were made intentionally or in reckless disregard of the truth, and if so, whether without misstatements affidavit fails to establish probable cause, Negligent or innocent misstatement(s) are insufficient. "If officer(s) relied on information from other officers, this must be stated in affidavit." U.S. Vs. Kirk, 781 F. 2d 1498 (11th Cir. 1986).

(19). That, 14 so-called drug sellers/dealers arrested 10-10-95 including plaintiff had altogether less than $50.00 and absolutely no drugs at all.

In light of the herein stated facts, the said magistrate is not neutral and detached. See Coolidge v. New Hampshire, 403 U.S. 443 (1971),

U.S. v. Leon, 468 U.S. 897 (1984), who is Lawyer, Unger v. State, 394 So. 2d 69 (1980).

(20). Subpoena Plaintiff requests subpoenas be issued to the (13) thirteen person arrested 10-20-95 as more fully stated afore in after! To wit: —

1. Morris Floyd        2  counts
2. Lilly Burton        2   "
3. Joe Bandy           3   "
4. Jerry Bullard       1   "
5. Rodney Gray         2   "
6. Lindsey Blout       1   "
7. John Halloway       3   "
8. Allan Harris        4   "
9. Eddie L. Foreman    2   "
10. Annette Cook       1   "
11. Samual Floyd       1   "
12. Leonard Davis      1   "
13. Lorinza Black      2   "
14. Janice Johnson     2   "

27 counts worded exactly the same.

(21) Plaintiff request that all paper writings be filed and returned to sender of record (his proper person), pursuant to this cause of action, (DC 95 004210, 4211 and 4212). That plaintiff is indigent as of time of arrest and at the present date.

(23). Accordingly, this court should order that the Plaintiff be provided with all documents and/or evidence that is material to Plaintiff's defense or are intended for use by the State as evidence at trial.

(a). Plaintiff is a layman at law not versed in legal procedures. Request this court to provide him with expert and investigators to enable him to prepare an adequate defense, and to have a fair trial and due process of law. The Plaintiff requests a hearing on this petition and/or motion(s) and/or release. This the 20th day of December 1995.

Respectfully Submitted
/s/ Joe H. Bandy Jr
Joe H. Bandy, Jr
Plaintiff pro se

"Certificate of Service"

I hereby certify that I have served a copy of the foregoing motion upon the Honorable Corinne T. Hurst, Circuit Clerk 2311 Hamilton Rd. Rm. 104, P.O. Box 2524, Opelika Ala. 36803-2524 via hand-made by Officer in Charge Lee County Jail, this the 20th day of Dec. 1995.

/s/ Joe H. Bandy Jr.
Joe H. Bandy Jr.
Plaintiff Pro se