Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
JUL 29 2005
CLERK
ALA COURT CRIMINAL APPEALS

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-1223                                Lee Circuit Court CC-96-102.69

Joe Henry Bandy, Jr. v. State of Alabama

SHAW, Judge.

Joe Henry Bandy, Jr., appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1996 conviction for unlawful distribution of a controlled substance, cocaine, and his resulting sentence of 18 years' imprisonment. This Court affirmed Bandy's conviction and sentence on direct appeal in an unpublished memorandum issued on September 27, 1996. See Bandy v. State, (No. CR-95-1218) 689 So. 2d 1016 (Ala. Crim. App. 1996) (table). The Alabama Supreme Court denied certiorari review and this Court issued a certificate of judgment on February 21, 1997.

Bandy filed a document styled "Declaratory Judgment, in

the alternative, Appeal in Habeas Corpus (sec. 12-22-90)" on March 3, 2005.[1] (C. 20.) Bandy contended that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, the trial court had never ruled on his "pretrial habeas corpus filed in the trial court 12-30-95" and that this document was filed prior to the time that Bandy was indicted and tried for this offense. (C. 21-22.) Bandy attached a copy of the "pretrial habeas corpus" wherein he had challenged the validity of the arrest warrants as well as the validity of his arrest and confinement for the charged offense. The State filed a motion to dismiss, and the circuit court issued an order on March 8, 2005, summarily denying the petition.

Although couched in jurisdictional terms, Bandy's claim is not jurisdictional in nature;[2] thus, it is precluded by the limitations period set out in Rule 32.2(c). Therefore, the circuit court's summary denial of Bandy's Rule 32 petition was proper under Rule 32.7(d), Ala.R.Crim.P.[3]

---

[1] A petition labeled as one for a writ of habeas corpus, but raising issues cognizable in a Rule 32 petition, may be addressed as a Rule 32 petition by the circuit court if that court is the court in which the original conviction was obtained. See Cooper v. State, 794 So. 2d 1232 (Ala. Crim. App. 2000); Hiett v. State, 642 So. 2d 492, 493 (Ala. Crim. App. 1993) ("[A] petition for a writ of habeas corpus contesting the validity of a conviction should [be] treated as a petition for post-conviction relief.").

[2] As previously noted, the "pretrial habeas corpus" challenged the validity of the arrest warrants as well as the validity of his arrest and confinement for the charged offense. These challenges are not jurisdictional in nature. See, e.g., Sumlin v. State, 710 So. 2d 941 (Ala. Crim. App. 1998) (challenges to an arrest warrant are not jurisdictional); Atwell v. State, 594 So. 2d 202 (Ala. Crim. App. 1991) (an illegal arrest does not deprive a trial court of jurisdiction).

[3] Although the circuit court did not summarily deny the petition on the ground that this claim was precluded by the limitations period in Rule 32.2(c), this Court may affirm the summary denial. See Long v. State, 675 So. 2d 532, 533 (Ala.

2

Based on the foregoing, the circuit court's judgment is affirmed.

Affirmed by memorandum.

McMillan, P.J., and Cobb, Baschab and Wise, JJ., concur.

---

Crim. App. 1996) (where the judgment of the circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court).