IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOE H. BANDY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CIVIL ACTION NO. 3:05-CV-898-F |
| ) | |
| BOB RILEY, et al., ) | |
| ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Joe H. Bandy, Jr. ["Bandy"] filed the instant 28 U.S.C. § 2254 application for habeas corpus relief on September 21, 2005. In this petition, Bandy challenges a conviction for unlawful distribution of a controlled substance entered against him by the Circuit Court of Lee County, Alabama on February 15, 1996. The trial court sentenced Bandy to eighteen (18) years imprisonment for this conviction.[1]

**DISCUSSION**

A review of this court's records reveals that Bandy filed previous habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging the 1996 controlled substance conviction imposed upon him by the Circuit Court of Lee County. *See Bandy v. Mosley, et al.*, Civil Action No. 97-D-741-E (M.D. Ala. 2000) (consolidated for determination with *Bandy v. Mosley*, Civil Action No. 00-D-452-E); *Bandy v. Holt, et al.*, Civil Action No. 02-

---

[1] Bandy advises that he is currently a "parolee" on this sentence. *Petition for Habeas Corpus Relief* at 1.

T-513-E (M.D. Ala. 2002). In the initial habeas action, this court decided the claims raised in the consolidated petitions adversely to the petitioner. Bandy appealed this court's denial of his petition. On March 1, 2001, the United States Court of Appeals for the Eleventh Circuit denied petitioner's motion for issuance of a certificate of appealability. With respect to the application for habeas corpus relief filed by Bandy in 2002, this court summarily dismissed the petition pursuant to the directives of 28 U.S.C. § 2244(b)(3)(A) as Bandy had not obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.

As indicated above, 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application [for habeas corpus relief] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed by Bandy that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Bandy's third] habeas corpus

petition and because he had no permission from [the Eleventh Circuit] to file a [third] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be summarily dismissed as this court lacks jurisdiction to consider Bandy's successive petition for habeas corpus relief. *Id.* at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by Joe H. Bandy on September 21, 2005 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as the petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[2]

It is further

ORDERED that on or before October 17, 2005 the parties may file objections to the

---

[2]The court notes that any § 2254 petition filed by Bandy is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Bandy] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 4th day of October, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE